PEOPLE *v.* JACKSON

1. CRIMINAL LAW — TRIAL — APPOINTED COUNSEL — INEFFECTIVE REPRESENTATION.

Appointed trial counsel's failure to demand that the police take fingerprints from the trigger of a weapon to determine if they were the defendant's, his failure to tell defendant what witnesses would be testifying against him, and his purported ineffective manner in cross-examining a witness, fell far short of establishing ineffective assistance of counsel where defendant did not show how the alleged failures prejudiced his case in any way.

2. ASSAULT AND BATTERY — GREAT BODILY HARM — INTENT — EVIDENCE.

Specific intent necessary to constitute the offense of assault with intent to do great bodily harm less than murder can be found in conduct as well as words; therefore, where one prosecution witness testified that defendant had pointed a loaded shotgun at the victim and had shot her and another prosecution witness stated that when she took the gun from defendant he said he had shot the "bitch", there was sufficient evidence from which the jury could determine that defendant had the requisite intent to commit the crime charged (MCLA § 750.84).

3. PERJURY—WITNESSES—INCONSISTENCIES IN TESTIMONY.

Minor inconsistencies in the testimony of witnesses does not constitute a showing that they gave perjured testimony.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law §§ 319, 321.
Incompetency, negligence, illness, or the like, of counsel, as a ground for new trial or reversal in criminal case.    64 ALR 436.
[2]  6 Am Jur 2d, Assault and Battery § 51.
29 Am Jur 2d, Evidence §§ 363, 366.
Intent to do physical harm as essential element of crime of assault with deadly or dangerous weapon.    92 ALR2d 635.
[3]  41 Am Jur, Perjury § 5 *et seq.*

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 June 18, 1970, at Lansing. (Docket No. 6,685.) Decided July 30, 1970.

Johnnie Jackson was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Stacey DeCamp,* for defendant on appeal.

Before: Fitzgerald, P. J., and R. B. Burns and Danhof, JJ.

Per Curiam. The defendant was charged with assault with intent to commit murder, MCLA § 750.83 (Stat Ann 1962 Rev § 28.278). A jury found him guilty of assault with intent to do great bodily harm less than murder, MCLA § 750.84 (Stat Ann 1962 Rev § 28.279). The defendant was sentenced to a term of nine to ten years in prison. Post-conviction counsel was appointed. A motion for a new trial was denied and the defendant has appealed to this Court.

The defendant's initial argument is that he was not adequately represented by his appointed trial counsel. In support of that position he cites the defense counsel's failure to demand that the police take fingerprints from the trigger of the weapon to determine if they were the defendant's, the manner in which the defense counsel cross-examined a witness, and the alleged failure of counsel to tell the defendant what witnesses would be testifying against him.

The allegation that trial counsel did not tell the defendant what witnesses would be testifying against him was never presented to the trial court. The defendant's affidavit in support of that allegation was made over three months after the hearing on the motion for a new trial. Assuming the allegation to be true, the defendant has not shown how this in any way prejudiced his case. This and the other examples of trial counsel's purportedly inadequate representation fall far short of establishing ineffective assistance of counsel. *People* v. *Degraffenreid* (1969), 19 Mich App 702.

Next, the defendant contends that the prosecution failed to prove the necessary intent. In *People* v. *Counts* (1947), 318 Mich 45, the Supreme Court held that the specific intent necessary to constitute the offense of assault with intent to do great bodily harm less than murder could be found in conduct as well as words. The court specifically held that pointing a loaded gun at a person could, under certain circumstances, be regarded as a threat indicating an intent to injure. In the present case one prosecution witness testified that the defendant pointed a loaded shotgun at the victim and shot her while another prosecution witness testified that when she took the gun from the defendant "He said he had done shot the bitch". Clearly, there was sufficient evidence from which the jury could determine that the defendant had the requisite intent.

Finally, the defendant argues that some of the prosecution witnesses perjured themselves. He supports this argument by alleging a few minor inconsistencies in the testimony. This argument was never presented to the trial court. In *People* v. *Williams* (1965), 1 Mich App 441, *leave to appeal denied* 377 Mich 705, this Court held that bare inconsistency

in testimony does not constitute an adequate showing that perjured testimony was given.

A motion for a new trial is addressed to the discretion of the trial court. *People* v. *Winstanley* (1969), 20 Mich App 528. We find no abuse of discretion in the trial court's denial of the defendant's motion for a new trial.

Affirmed.