PEOPLE v. GILLIAM

1. Assault and Battery—Sufficiency of Evidence.

Evidence was sufficient to sustain defendant's conviction of assault with intent to do great bodily harm less than murder, where complainant testified that the defendant struck him over the head and then stabbed him just below the heart with a knife, and where the person in whose store the incident occurred testified that the defendant and complainant exchanged a few vulgar words, that, when the defendant sought to get an apology, they began to struggle, that the defendant ran and grabbed a butcher knife and then an empty beer bottle and "came back" at the complainant and that the two resumed their struggle, defendant finally striking complainant on the head with a bottle and stabbing him and then fleeing (MCLA § 750.84).

2. Assault and Battery—Specific Intent.

Evidence that defendant and the complainant argued, that defendant then grabbed a butcher knife and an empty beer bottle and came at the complainant, striking him over the head with a bottle and stabbing him with a knife, is sufficient to prove specific intent for assault with intent to do great bodily harm less than murder, since the law presumes every person to intend the usual consequences which accompany the use of the means employed in the manner employed (MCLA § 750.84).

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 June 10, 1970, at Detroit. (Docket No. 6,314.) Decided October 26, 1970.

Reference for Points in Headnotes

[1–2] 6 Am Jur 2d, Assault and Battery § 92 et seq.

Charles Gilliam was convicted of assault with intent to de great bodily harm less than murder. Defendant appeals. Affirmed. Leave to appeal denied December 15, 1970. 384 Mich 790.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: DANHOF, P. J., and V. J. BRENNAN and J. J. KELLEY, JR.,* JJ.

PER CURIAM. Appealing his bench conviction of assault with intent to do great bodily harm less than murder,[1] defendant claims that the evidence was insufficient to sustain either the conviction or a finding of specific intent.

Basically defendant argues that although the court had the opportunity to observe the parties, the great weight of the evidence "glaringly" supports defendant's claim of self-defense.

Only three persons were present at the scene of the occurrence and all of them testified.

The complainant testified: that while he was in a grocery store attempting to buy meat, the defendant without any reason almost simultaneously struck him over the head with a bottle and stabbed him in the side with a knife; that he neither conversed nor argued with the defendant; that upon

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.84 (Stat Ann 1962 Rev § 28.279).

being stabbed he fell and lost consciousness; that the knife entered just below the rib cage and missed his heart by a quarter of an inch, requiring him to spend over five weeks in a hospital.

The storekeeper testified: that the complainant entered the store first, followed several minutes later by the defendant; that the defendant and the complainant exchanged a few vulgar words, following which defendant went to complainant "to get apology"; the two began struggling; complainant knocked defendant down; real mad, defendant got up and ran to the meat box area where he grabbed a butcher knife, then he grabbed an empty beer bottle off a beer case and (on cross-examination by defendant's counsel) "came back at" the complainant; they struggled for the knife and defendant struck complainant on the head with the beer bottle, knocking him down and causing his forehead to bleed; defendant left the store through the front entrance; that he, the storekeeper, picked up the beer bottle and the knife off the floor, and he did not know the complainant had been stabbed until an officer later told him.

With regard to the period following defendant's getting up from the floor, the defendant testified "I got away from him, went around and got the knife" and, in answer to the question whether he could have run out of the store "There was some (grocery) buggies there  *  *  *  I could have went around them, hit the next alley and went out."

Defendant's counsel waived an opening statement and at the conclusion of the trial argued only self-defense.

The evidence amply justified the trial court's determination that defendant was in no peril, that he had a ready means of escape which he chose not

to pursue. *People* v. *McGrandy* (1967), 9 Mich App 187, 189.

Defendant's remaining present claim, lack of evidence to prove specific intent, cannot be sustained. The law presumes every person to intend the usual consequences which accompany the use of the means employed in the manner employed. *People* v. *Medley* (1954), 339 Mich 486, 493. An intent is a secret of a man's mind into which no one can look, and he discloses it by words or by actions. Sometimes actions speak louder than words. *People* v. *Gill* (1967), 8 Mich App 89, 93. From defendant's actions the trial court clearly could have inferred the required intent.

Our review of the evidence indicates that the trial court's findings were not erroneous.

Affirmed.