**Elizandro Gonzales OROSCO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. CR–81–12–D.**

United States District Court, W. D. Oklahoma.

July 6, 1981.

Philip F. Horning, Oklahoma City, Okl., for appellant.

Larry D. Patton, U. S. Atty. by Kathleen Flanagan, Asst. U. S. Atty., Oklahoma City, Okl., for appellee.

DAUGHERTY, Chief Judge.

This is an appeal from the Judgment entered on January 13, 1981, by the United States Magistrate upon Appellant's conviction by jury verdict for violation of 21 U.S.C. § 844. This appeal is taken pursuant to 18 U.S.C. § 3402 and Rule 7(b), *Rules of Procedure for the Trial of Misdemeanors Before the United States Magistrate.*

It appears from the record before the Court that Appellant, while incarcerated at Federal Correctional Institution at El Reno, Oklahoma, (El Reno) on April 9, 1980, was the subject of a search by prison personnel, acting on information contained in a note from a anonymous source. The prison officials later discovered the identity of said source, but refused to disclose the same to Defendant. The search produced a substance later determined to be marijuana. Appellant was subjected to institutional discipline procedures and lost sixty days of good time, was confined for thirty days in disciplinary segregation, and was transferred to another penal institution. Appellant was subsequently charged with possession of a controlled substance and was convicted by jury verdict on January 13, 1981. Appellant was sentenced to six months in prison and brings this appeal from said conviction and sentence.

On appeal, Appellant presents four propositions for the Court's consideration:

1. The Appellant contends that he was denied his Sixth Amendment right to confront an adverse witness because the government refused to disclose the name of the anonymous informant.
2. Appellant next contends that the prison officials had insufficient probable cause to justify a search of Appellant.
3. Appellant contends that the search was unreasonable and in violation of the Fourth Amendment.
4. Appellant finally contends that he was subjected to double jeopardy having previously been punished by the institution, then being brought to trial on criminal charges for the same offense.

The Court held oral arguments in this action on June 23, 1981. At said arguments the attorney for Appellant admitted that the anonymous informant was not a participant in the crime in which Appellant is charged. Appellant's attorney further stated that Appellant is primarily relying on his first contention in this appeal. The Court will consider Appellant's contentions separately.

## GOVERNMENT'S NON–DISCLOSURE OF THE INFORMANT

Appellant contends that the informant's identity in this case would have been relevant and helpful to the defense of the Appellant and therefore the government should have been required to disclose the identity of said informant. Appellant's theory of defense in this case was that he was the target of a frame-up and he needed the testimony of the informant to present this defense.

■ It is well recognized that the government may withhold from disclosure the identity of a person who furnishes information of law violations to law enforcement officers. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The purpose of this privilege is to promote effective law enforcement by allowing persons to communicate their knowledge of a crime and remain anonymous, thus avoiding threats to their safety. *See Roviaro v. United States, supra.* This privilege must give way in the interest of fairness if the informant's identity is relevant and helpful to the defense of the accused. *Roviaro v. United States, supra.* This determination calls for balancing the public interest in having a continued flow of information against the individual's right to prepare his defense, which depends upon the circumstances of each case. *Roviaro v. United States, supra.* Whether disclosure is required in a particular case is within the discretion of the trial court. *United States v. One 1957 Ford Ranchero Pickup Truck*, 265 F.2d 21 (Tenth Cir. 1959).

■ In the instant case the informant was not a participant in the crime, nor was there any evidence that the informant was a witness to the search and arrest of Appellant. The only connection the informant has with this case is that the informant's tip brought about the investigation which led to the search of Appellant. This is an insufficient connection to require the government to disclose the identity of the informant. *United States v. Buras*, 633 F.2d 1356 (Ninth Cir. 1980). Appellant has not shown that the testimony of the informant would have been particularly helpful or relevant in his trial as the informant neither participated in the crime nor witnessed Appellant's arrest. Furthermore, the Appellant's need for disclosure of the informant's identity must be balanced against the informant's need for anonymity in the prison setting. In this regard, it appears that disclosure by the government would place the informant in grave danger and more than likely cut off the flow of information to the prison officials while benefiting Plaintiff little if at all. Accordingly, the Court finds that Appellant's first contention is without merit.

## PROBABLE CAUSE TO JUSTIFY SEARCH

Appellant contends that the prison officials had insufficient probable cause to conduct a search of Appellant.

■ It is well established that the need to maintain prison discipline provides the basis for dispensing with the warrant and probable cause requirement when conducting a search within the confines of a penal institution. *Lanza v. New York*, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962); *United States v. Lilly*, 576 F.2d 1240 (Fifth Cir. 1978); *Daughtery v. Harris*, 476 F.2d 292 (Tenth Cir. 1973), *cert. denied*, 414 U.S. 872, 94 S.Ct. 112, 38 L.Ed.2d 91 (1973). Searches or seizures, however, must be reasonable under all the facts and circumstances in which they are performed. *United States v. Lilly, supra.*

■ In the instant case the prison officials had information that Appellant had in his possession a controlled substance. A search of Appellant was reasonable under such circumstances and therefore Appellant's second contention is without merit.

## REASONABLENESS OF MANNER OF SEARCH

■ Appellant contends that a strip search and visual search was unreasonable.

A search within a penal institution must be conducted in a reasonable manner. *United States v. Lilly, supra.* The *Lilly* case deals with a full body cavity search which is different from the instant case.

In the instant case the Appellant was required to strip and submit to a visual search after the prison officials found what appeared to be marijuana hidden in Appellant's shoe. This was reasonable in that the prison officials had been informed that Appellant may be carrying marijuana and had in fact found some marijuana hidden on Appellant's person. Reasonable suspicions by the prison officials led them to believe that Appellant may be hiding additional marijuana elsewhere on his person. Therefore, a strip and visual search was reasonable under the circumstances and Appellant's third contention is without merit.

## DOUBLE JEOPARDY

Appellant contends that he was subjected to double jeopardy when he was administratively punished and then tried for possession of a controlled substance. Appellant further contends that his six month sentence was excessive under the circumstances.

■ It is well established that administrative punishment imposed by prison officials does not render a subsequent judicial proceeding, criminal in nature, violative of the prohibition against double jeopardy. *United States v. Acosta*, 495 F.2d 60 (Tenth Cir. 1974). Furthermore, Appellant has presented no authority and the Court knows of no authority which would permit this Court to modify Appellant's sentence unless it exceeded the maximum allowed for the crime.

■ In the instant case the sentence imposed did not exceed the maximum allowed for the crime for which Appellant was convicted. The Court further notes that six months is not excessive considering the nature of the crime involved herein. Therefore, the Court finds that Appellant's final contention is without merit.

In view of the foregoing the Court concludes that the Appellant's contentions are without merit and the conviction and sentence of the trial court should be affirmed.