DeWALT v WARDEN, MARQUETTE PRISON.

Docket No. 53390. Submitted October 8, 1981, at Lansing.—Decided
January 6, 1982.

Kevin L. DeWalt, an inmate of the State Prison at Southern
Michigan, was charged with misconduct for an alleged assault
on another inmate. After a hearing, DeWalt was found not
guilty of the misconduct because of insufficient evidence. Subse-
quently, DeWalt was transferred to the Marquette Branch
Prison and was placed into more restrictive administrative
segregation. The transfer was based on the alleged assault, a
1975 escape attempt and the fact that he had made a good
adjustment during a previous stay at Marquette prison. DeWalt
filed a grievance contesting the transfer on the ground that it
was based on the misconduct charge of which he had been
found not guilty. The grievance was denied. Thereupon, DeWalt
filed a "petition for order of show cause for injunctive relief" in
Marquette Circuit Court, naming the Marquette warden as the
respondent. DeWalt sought return to Jackson prison, restora-
tion to the level of custody which existed prior to his transfer
and expunction of all reference to misconduct allegations aris-
ing out of the alleged assault. The court, John E. McDonald, J.,
treated the matter as an appeal from an administrative deci-
sion pursuant to the Administrative Procedures Act and af-
firmed the denial of DeWalt's grievance. DeWalt appeals, alleg-
ing that his rights were violated because his transfer was based
on misconduct charges of which he was subsequently acquitted.
*Held:*

1. The trial court correctly treated the case as an appeal
pursuant to the Administrative Procedures Act.

2. The Department of Corrections did not abuse its discretion
in transferring DeWalt to Marquette or placing him into more
restrictive administrative segregation. Serious misconduct is
not a prerequisite to the inter-facility transfer of a prisoner.
The Department of Corrections has discretion to transfer pris-

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 711.
[2-4] 60 Am Jur 2d, Penal and Correctional Institutions §§ 53, 54.

oners to protect other inmates and advance the smooth operation of the institution.

Affirmed.

1. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — JUDICIAL REVIEW OF ADMINISTRATIVE DECISIONS — CRIMINAL LAW — STATUTES.

The Legislature intended that the portion of the Administrative Procedures Act pertaining to judicial review of administrative decisions should apply to hearings of the Department of Corrections (MCL 24.301 *et seq.,* 791.255; MSA 3.560[201] *et seq.,* 28.2320[55]).

2. PRISONS AND PRISONERS — INTER-FACILITY TRANSFERS — CONSTITUTIONAL LAW.

The transfer of state prisoners from one state institution to another state institution in which conditions are less favorable to the prisoners does not infringe upon a liberty interest of the prisoners within the meaning of the due process clause of the Fourteenth Amendment, absent a state law or practice conditioning such transfers on proof of serious misconduct or the occurrence of other events.

3. PRISONS AND PRISONERS — HEARINGS — STATUTES.

A prisoner in Michigan is entitled to a hearing before being deprived of a right or significant privilege (MCL 791.251; MSA 28.2320[51]).

4. PRISONS AND PRISONERS — INTER-FACILITY TRANSFERS.

The serious misconduct of a prisoner is not a prerequisite to his inter-facility transfer; the Department of Corrections has discretion to transfer prisoners to protect other inmates and advance the smooth operation of the institution.

Kevin L. DeWalt, *in propria persona.*

Before: ALLEN, P.J., and M. J. KELLY and J. J. KELLEY,* JJ.

PER CURIAM. Plaintiff appeals the trial court's order affirming a decision of the Department of Corrections, security classification committee, which placed plaintiff into administrative segrega-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

tion and transferred him from the State Prison at Southern Michigan (SPSM) to the Marquette Branch Prison (MBP).

On December 2, 1977, at SPSM, plaintiff began serving a 10- to 15-year sentence for manslaughter plus a consecutive term of 32 to 48 months for a 1975 attempted escape from a county jail.

On December 18, 1979, plaintiff was charged with misconduct for an alleged assault on another inmate. On December 26, 1979, a misconduct hearing was held and plaintiff was found not guilty because of insufficient evidence. On the same day, the security classification committee placed plaintiff into more restrictive administrative segregation and ordered his transfer to MBP, based on the alleged assault, the 1975 escape attempt and the fact that plaintiff had made a good adjustment during a previous stay at Marquette. On January 23, 1980, plaintiff was transferred to MBP where he presently resides.

Plaintiff filed a grievance contesting the transfer on the ground that it was based on the misconduct charge of which he had been found not guilty. The grievance was ultimately denied.

Plaintiff, who has been acting *in propria persona* throughout these proceedings, then filed in the Marquette County Circuit Court a document entitled "Petition for Order of Show Cause for Injunctive Relief", naming the Marquette Warden as respondent. Plaintiff sought return to SPSM, restoration to the level of custody which existed prior to December 18, 1979, and expunction of all reference to misconduct allegations arising out of the December 18, 1979, incident.

The trial court treated the matter as an appeal from an administrative decision pursuant to the Administrative Procedures Act of 1969 (APA),

MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* and affirmed the denial of plaintiff's grievance.

The trial court correctly treated this as an appeal pursuant to the APA. MCL 791.255; MSA 28.2320(55), *Penn v Dep't of Corrections,* 100 Mich App 532, 539; 298 NW2d 756 (1980), *lv den* 411 Mich 858 (1981).

Therefore, a reviewing court is required to apply the standard of review provided in MCL 24.306; MSA 3.560(206).

Plaintiff contends that his rights were violated because his transfer was based on misconduct charges of which he was subsequently acquitted.

The United States Supreme Court in *Meachum v Fano,* 427 US 215; 96 S Ct 2532; 49 L Ed 2d 451 (1976), *reh den* 429 US 873; 97 S Ct 191; 50 L Ed 2d 155 (1976), and *Montanye v Haymes,* 427 US 236; 96 S Ct 2543; 49 L Ed 2d 466 (1976), held that the transfer of state prisoners from one state institution to another state institution in which conditions were less favorable to the prisoners did not infringe upon a liberty interest of the prisoners within the meaning of the Due Process Clause of the Fourteenth Amendment, absent a state law or practice conditioning such transfers on proof of serious misconduct or the occurrence of other events.

In Michigan, a prisoner is entitled to a hearing before being deprived of a right or significant privilege. MCL 791.251; MSA 28.2320(51). *Dickerson v Warden, Marquette Prison,* 99 Mich App 630; 298 NW2d 841 (1980).

In *Stone v Egeler,* 377 F Supp 115 (1973), *modified on other grounds* 506 F2d 287 (CA 6, 1974), the United States District Court for the Western District of Michigan extended the right to a hearing to prisoners faced with transfer to another

institution. That case involved a civil rights action brought by two prisoners who had been suspected of being involved in illicit drug traffic at SPSM and as a result were transferred to the maximum security prison at Marquette. The court held that the transfers were disciplinary in nature and occasioned serious and substantial deprivations and that failure to grant a hearing on the charges and the propriety of the transfer constituted a violation of federal due process.

However, in the present case, there is no contention that plaintiff was not afforded a fair hearing prior to the transfer. Rather, plaintiff contends that the security classification committee improperly considered the misconduct allegation.

MCL 791.265; MSA 28.2325 provides:

"791.265 Transfer of prisoners
"Sec. 65. (1) Under rules promulgated by the director of the department with the approval of the commission, the assistant director in charge of the bureau of penal institutions, except as provided in subsection (2), may cause the transfer or re-transfer of a prisoner from a penal institution to which committed to any other penal institution, or temporarily to a state institution for medical or surgical treatment. In effecting a transfer, the assistant director of the bureau of penal institutions may utilize the services of an executive or employee within the department and of a law enforcement officer of the state."

This section was added by 1980 PA 150, and it appears that the department has not yet promulgated rules thereunder. Cf. 1979 AC, R 791.4401.

We have examined the statutes, case law and administrative rules and find no indication that serious misconduct is a prerequisite to the interfacility transfer of a prisoner. We believe that the department has discretion to transfer prisoners to

protect other inmates and advance the smooth operation of the institution. Applying the standard of review provided in MCL 24.306; MSA 3.560(206), we find no abuse of discretion in the department's action.

Affirmed.