CAMPBELL v MARQUETTE PRISON WARDEN

Docket No. 55843. Submitted October 6, 1981, at Grand Rapids.—
   Decided September 9, 1982.

   James L. Campbell, Jr., while an inmate at Marquette prison,
   was found guilty of assault and battery by an administrative
   hearing officer of the Department of Corrections. Campbell
   appealed the decision within the department and was granted a
   rehearing. Campbell was again found guilty. After exhausting
   his administrative remedies, Campbell appealed the decision to
   the Marquette Circuit Court. The court, Edward A. Quinnell,
   J., affirmed the decision of the hearing officer. Campbell ap-
   peals, alleging that: (1) the rehearing should not have been
   granted and that the assault and battery charge should have
   been dismissed; (2) the hearing officer erred in receiving a
   statement of a prison officer as evidence at the rehearing; (3)
   his guilt was not established by a preponderance of the evi-
   dence; and (4) the decision of the circuit court was not based
   upon competent, material, and substantial evidence and evi-
   dences an abuse of discretion. *Held:*

      1. Campbell's contention that the section of the Administra-
   tive Procedures Act regarding rehearings only allows a rehear-
   ing where the record of testimony taken orally from a witness
   is inadequate for judicial review is inconsistent with the osten-
   sible legislative intent and would frequently result in a miscar-
   riage of justice. Here, the Department of Corrections ordered a
   rehearing because the original hearing officer failed to state
   specifically his findings of fact regarding Campbell's intent in
   striking the officer. Because one of the elements of assault and
   battery is an intentional touching, a determination of that
   element was vital. If no rehearing were possible and the
   original finding of guilt simply reversed, great inequity would

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 610 *et seq.*
[2, 4] 2 Am Jur 2d, Administrative Law §§ 697, 722.
[3] 2 Am Jur 2d, Administrative Law §§ 535-538, 764-766.
[5] 2 Am Jur 2d, Administrative Law §§ 452, 535-538.
[6] 2 Am Jur 2d, Administrative law § 675.
[7] 2 Am Jur 2d, Administrative Law § 688, 690.

result. The holding of the rehearing was proper because Campbell's procedural rights were violated in the first hearing and the record was inadequate for purposes of judicial review. Any defects in the initial hearing are moot because of the valid rehearing.

2. Although the procedure in admitting the statement of the prison officer may have been unlawful, the decision did not result in material prejudice to Campbell because there was sufficient evidence upon which to base the decision.

3. The decision of the circuit court should be affirmed because there was credible evidence from which the hearing officer could find by a preponderance of the evidence that Campbell intentionally struck the officer. The circuit judge did not abuse his discretion.

Affirmed.

1. ADMINISTRATIVE LAW — PRISON MISCONDUCT HEARINGS — APPEAL.

The standard of review of a prison misconduct hearing provides that the court shall hold unlawful and set aside a decision or order of the agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following: (a) in violation of the constitution or a statute; (b) in excess of the statutory authority or jurisdiction of the agency; (c) made upon unlawful procedure resulting in material prejudice to a party; (d) not supported by competent, material, and substantial evidence on the whole record; (e) arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion; or (f) affected by other substantial and material error of law (MCL 24.305; MSA 3.560[206]).

2. ADMINISTRATIVE LAW — APPEAL.

Judicial review of a final determination by an administrative agency is limited to the record and final decisions should include findings of fact and conclusions of law; the official record of a hearing of an administrative agency should include: (a) notices, pleadings, motions, and intermediate rulings; (b) questions and offers of proof, objections, and rulings thereon; (c) evidence presented; (d) matters officially noticed except matters so obvious that a statement of them would serve no useful purpose; (e) proposed findings and exceptions; and (f) any decision, opinion, order, or report by the officer presiding at the hearing and by the agency (MCL 24.286; MSA 3.560[186]).

3. ADMINISTRATIVE LAW — REHEARINGS.

An administrative agency may order a rehearing in a contested

case on its own motion or on the request of a party where for justifiable reasons the record of testimony made at the hearing is found by the agency to be inadequate for purposes of judicial review; a request for a rehearing shall be filed within the time fixed by the Administrative Procedures Act for instituting proceedings for judicial review; a rehearing should be noticed and conducted in the same manner as an original hearing; evidence received at the rehearing should be included in the record for agency reconsideration and for judicial review; a decision or order may be amended or vacated after the rehearing (MCL 24.287; MSA 3.560[187]).

4. ADMINISTRATIVE LAW — "RECORD OF TESTIMONY".

The phrase "record of testimony" in the section of the Administrative Procedures Act concerning rehearings before administrative agencies should be construed to mean record of a hearing because judicial review must be made on the entire official record.

5. ADMINISTRATIVE LAW — FINDINGS OF FACT.

Findings of fact in a hearing before an administrative agency should be based exclusively on the evidence and on matters officially noticed; a rehearing should be noticed and conducted in the same manner as an original hearing (MCL 24.285, 24.287; MSA 3.560[185], 3.560[187]).

6. ADMINISTRATIVE LAW — APPEAL.

A court when reviewing a decision of an administrative agency should give great deference to the findings of the administrative hearing officer.

7. ADMINISTRATIVE LAW — EVIDENCE.

Substantial evidence for purposes of administrative law is evidence which a reasoning mind would accept as sufficient to support a conclusion; while it consists of more than a mere scintilla of evidence, it may be substantially less than a preponderance of the evidence.

James L. Campbell, Jr., *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Keith D. Roberts,* Assistant Attorney General, for respondent.

Before: R. M. Maher, P.J., and D. E. Holbrook, Jr., and R. Robinson,* JJ.

Per Curiam. Petitioner appeals as of right from an order of the circuit court affirming the decision of an administrative hearing officer who found petitioner guilty of assault and battery while an inmate at the Marquette branch prison.

Five issues are raised on appeal: first, whether the act of ordering and conducting a rehearing was, in the instant case, foreclosed to the agency; second, whether objections to an initial misconduct hearing are rendered moot by an agency's conducting a subsequent hearing; third, whether the hearing officer erred in receiving as evidence at the rehearing a statement allegedly prepared by officer R. Pearson; fourth, whether petitioner's guilt was established by a preponderance of the evidence; and, fifth, whether the decision of the circuit court was based upon competent, material, and substantial evidence on the whole record and does not evidence an abuse of discretion.

Initially we address the first two issues. The standard of review of a prison misconduct hearing is set forth in MCL 24.306; MSA 3.560(206):

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

"(a) In violation of the constitution or a statute.
"(b) In excess of the statutory authority or jurisdiction of the agency.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(c) Made upon unlawful procedure resulting in material prejudice to a party.

"(d) Not supported by competent, material and substantial evidence on the whole record.

"(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

"(f) Affected by other substantial and material error of law.

"(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings."

Petitioner is contending that this Court must set aside the decision of the agency because the procedure was unlawful, resulting in material prejudice to him.

In response to petitioner's request for a limited appeal, he was granted a rehearing because the findings of fact were not sufficiently set forth. A rehearing was not mandated because there was no evidence at the original hearing in support of the finding of guilt.

Judicial review of a final agency determination is limited to the record; final decisions must include findings of fact and conclusions of law. *Human Rights Party v Michigan Corrections Comm,* 76 Mich App 204; 256 NW2d 439 (1977). The official record of a hearing shall include the following per MCL 24.286; MSA 3.560(186):

"(1) An agency shall prepare an official record of a hearing which shall include:

"(a) Notices, pleadings, motions and intermediate rulings.

"(b) Questions and offers of proof, objections and rulings thereon.

"(c) Evidence presented.

"(d) Matters officially noticed, except matters so obvi-

ous that a statement of them would serve no useful purpose.

"(e) Proposed findings and exceptions.

"(f) Any decision, opinion, order or report by the officer presiding at the hearing and by the agency."

Finally, MCL 24.287; MSA 3.560(187) provides:

"(1) An agency may order a rehearing in a contested case on its own motion or on request of a party.

"(2) Where for justifiable reasons the record of testimony made at the hearing is found by the agency to be inadequate for purposes of judicial review, the agency on its own motion or on request of a party shall order a rehearing.

"(3) A request for a rehearing shall be filed within the time fixed by this act for instituting proceedings for judicial review. A rehearing shall be noticed and conducted in the same manner as an original hearing. The evidence received at the rehearing shall be included in the record for agency reconsideration and for judicial review. A decision or order may be amended or vacated after the rehearing."

Petitioner's contention that § 87 only allows a rehearing where the record of testimony, *i.e.,* orally from a witness, is inadequate for judicial review is inconsistent with the ostensible legislative intent and would frequently result in a miscarriage of justice. The hearing officer ordered a rehearing because the original hearing officer failed to state specifically his findings of fact in regard to petitioner's intent in striking officer Koski. Since one of the elements of assault and battery is an intentional touching, a determination of this element was vital. If no rehearing were possible and the finding of guilt simply reversed, great inequity would result. The phrase "record of testimony" should be construed to mean record of

a hearing. Since judicial review must be made on the entire official record, which includes all of those items set forth in § 86, this more liberal reading would serve to effectuate the legislative intent that the record be complete and adequate to allow judicial review.

The rules of the Michigan Department of Corrections support this interpretation. Following an appeal from a major misconduct hearing to the institution head, that head has the authority to order a rehearing. Furthermore, the rules state that a rehearing should be ordered where a resident's procedural rights were violated. The situation where a hearing officer failed to make sufficient findings of fact, although there was ample evidence to support the offense charged, constitutes a procedural violation and under the MDC's rules warrants a rehearing.

Thus, it appears that, reading all of the statutory provisions together, the rehearing was proper because petitioner's procedural rights were violated in the initial hearing, and the record was inadequate for purposes of judicial review. Such a reading comports with both the rules of the MDC and the apparent legislative intent of the Administrative Procedures Act. Any defects present in the initial hearing are, therefore, rendered moot.

Turning to petitioner's third issue, we note that MCL 24.285; MSA 3.560(185) states: "Findings of fact shall be based exclusively on the evidence and on matters officially noticed." Moreover, § 87 provides that the rehearing "shall be noticed and conducted in the same manner as an original hearing".

Petitioner, in the instant case, was provided with copies of the misconduct reports filed by Charles Oberg and Willard Koski. They both

stated that petitioner was fighting and continued to struggle with the staff members after he and the other residents were being separated. Koski explicitly stated that "Campbell swung at me and hit me in the left forearm". Thus, petitioner was given official notice of the charges.

The second misconduct report, affirming the decision and sentence originally given, does refer to the witness report given by Pearson. However, Pearson's report merely reiterates the statements of Koski.

Section 106(1)(c) of the Administrative Procedures Act, MCL 24.306; MSA 3.560(206), provides for the setting aside of a decision which was made upon unlawful procedure resulting in material prejudice to a party. In the instant case, although there may have been unlawful procedure, the decision did not result in material prejudice to petitioner since there was sufficient evidence upon which to base the decision. Hearing officer Sherman indicated in his reasons for his findings that the statement by Pearson was not essential and, since Pearson was listed on the ticket as a witness, petitioner was given actual notice of his involvement.

Thus, based on § 106(1)(c), although there may have been unlawful procedure if the statement were not actually read at the original hearing, it does not appear that any material prejudice resulted to petitioner.

In conclusion, we discuss the final two issues in conjunction with each other. Section 106(d) provides for setting aside a decision if substantial rights of the petitioner have been prejudiced because the decision is not supported by competent, material, and substantial evidence on the whole record.

Although originally petitioner had to have been

found guilty by a "preponderance of the evidence", the standard of review at this level is different. Thus, we discuss these two issues together.

Judicial review requires that great deference be given to the findings of the administrative hearing officer. *Viculin v Dep't of Civil Service,* 386 Mich 375, 406; 192 NW2d 449 (1971). The definition of the "substantial evidence test" was reiterated in *Tompkins v Dep't of Social Services,* 97 Mich App 218, 222; 293 NW2d 771 (1980):

> "This has been defined as evidence which a reasoning mind would accept as sufficient to support a conclusion. While it consists of more than a mere scintilla of evidence, it may be substantially less than a preponderance of the evidence."

This test was apparently adopted because the hearing officer, as the trier of fact, had the opportunity to hear testimony and view the witnesses; therefore, his decision should be upheld so long as it is supported by substantial evidence on the whole record. *Timmons v Dep't of Social Services,* 89 Mich App 330, 340; 280 NW2d 515 (1979).

In the instant case petitioner does not dispute that he hit Koski. He merely contends that is was accidental. Koski testified that petitioner swung at him, and this was corroborated by the other witnesses. The only dispute then is over intent. Intent must often be inferred from the surrounding circumstances as pointed out by Van Ochten in her decision granting petitioner a limited appeal. We agree with the circuit judge who stated in his opinion that, "[t]here was credible evidence from which the hearings *[sic]* officer could find, by a preponderance of the evidence, that Campbell intentionally struck the officer and therefore was guilty of the charge of assault". This was based on

the fact that Pearson stated that he saw petitioner "throw a punch" which can easily be interpreted to be an intentional act. Also, Koski himself stated that petitioner "swung at him"; this too carries a connotation of intent. Thus, there was some evidence which a reasonable mind could accept as sufficient to support a conclusion.

Affirmed.