CASPER v MARQUETTE PRISON WARDEN

Docket No. 62613. Submitted February 8, 1983, at Grand Rapids.—
Decided June 6, 1983.

Robert Casper, an inmate of Marquette Branch Prison, was found
guilty by a prison hearings division officer of major misconduct
in connection with a riot at the prison. He was given seven
days detention. Casper appealed this decision to the Marquette
Circuit Court, which dismissed his appeal with prejudice, John
E. McDonald, J. Casper then applied for leave to file a delayed
appeal to the Court of Appeals, which leave was granted. *Held:*

1. There was no statutory violation resulting from the hear-
ing officer's refusal to disclose the name of the "confidential
informant" upon whose testimony the charges of major miscon-
duct were solely based.

2. The record is inadequate to show that the confidential
witness was credible and his information reliable. Due process
requires that a confidential informant in a prison disciplinary
proceeding be found to be credible and reliable. The case is
remanded to the trial court for a determination on the record
of the factual basis for the finding that the confidential infor-
mant is trustworthy and the information reliable and for the
finding of facts which support the hearing officer's decision not
to disclose the informant's identity.

3. Casper's remaining allegations are without merit.

Remanded.

1. PRISONS AND PRISONERS — HEARINGS — DUE PROCESS.

A prisoner in Michigan must be afforded minimal due process in
connection with prison disciplinary hearings in which the
prisoner may be deprived of a right or significant privilege.

2. PRISONS AND PRISONERS — HEARINGS — CONFRONTATION — CROSS-
EXAMINATION.

Prisoners in Michigan are not constitutionally entitled to full
rights of confrontation and cross-examination at prison discipli-

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 60 Am Jur 2d, Penal and Correctional Institutions § 41.
[3] 81 Am Jur 2d, Witnesses § 656.

nary hearings; the scope of confrontation and cross-examination is left to the sound discretion of prison officials.

3. Prisons and Prisoners — Hearings — Due Process — Credibility of Informants.

Minimum due process in prison disciplinary hearings requires a disciplinary committee to establish in good faith to its own satisfaction the credibility and reliability of a confidential informant, and there must be some information on the record to convince an appellate tribunal that the disciplinary committee undertook such an inquiry in good faith.

Robert Casper, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas C. Nelson,* Assistant Attorney General, for defendant.

Before: R. M. Maher, P.J., and R. B. Burns and P. J. Marutiak,* JJ.

P. J. Marutiak, J. Plaintiff, by leave granted, filed this delayed appeal from a dismissal with prejudice of his appeal from an administrative decision finding him guilty of major misconduct in connection with the May 26, 1981, prison riot at the Marquette Branch Prison. Plaintiff is a prisoner currently incarcerated for a 1966 conviction of first-degree murder. On June 5, 1981, he was found guilty of breaking into and burning the counsellor's office during the Memorial Day riot. He was given seven days detention.

The record discloses that the charges of major misconduct were based solely upon testimony of a "confidential witness". The record shows the plaintiff was given an opportunity to request witnesses, documents and a hearing investigator. At a formal hearing on June 5, 1981, he was found guilty.

* Circuit judge, sitting on the Court of Appeals by assignment.

No Michigan court has directly addressed the rule of confidential informants and prison disciplinary hearings. *Wolff v McDonnell,* 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974), held that prisoners must be afforded minimal due process in connection with prison disciplinary hearings involving recognized "liberty interests". The due process right to a hearing in Michigan has been broadened to encompass any situation in which a prisoner may be deprived of a right or significant privilege. *DeWalt v Warden, Marquette Prison,* 112 Mich App 313; 315 NW2d 584 (1982). However, *Wolff* holds that prisoners are not constitutionally entitled to full rights of confrontation and cross-examination. The interests of institutional safety and risks of reprisal require that the scope of confrontation and cross-examination afforded to inmates be left to the sound discretion of prison officials.

The Michigan Legislature has formulated misconduct hearing procedures designed to comply with *Wolff's* due process requirements. MCL 791.251 *et seq.;* MSA 28.2320(51) *et seq.* Violation of the statutory procedures presents a federal due process claim actionable under federal law. *Dickerson v Warden, Marquette Prison,* 99 Mich App 630; 298 NW2d 841 (1980). Section 52(d) of 1979 PA 140 affords each party the opportunity to present evidence. A prisoner may not cross-examine a witness, but may submit written questions to the hearing officer to be asked of a witness. The officer has discretion to present these questions to the witness. If he refuses, he must enter his reason for refusing on the record. The record in this case shows that plaintiff's written questions were submitted to five of his seven requested witnesses. Additionally, he obtained affidavits from 15 to 18 witnesses, and the affidavits were made a part of

the record. Plaintiff was not permitted to submit questions to the confidential informant.

Section 52(h) of the act provides that a hearing officer may deny access to documents if he determines that access may be dangerous to a witness or disruptive of normal prison operations. The reason for the denial shall be entered into the record. Thus, there appears to be no statutory violation in this case resulting from the hearing officer's refusal to disclose the name of the informant. However, other courts which have considered the use of confidential informants in prison disciplinary proceedings have found that due process requires that the confidential informant be found to be credible and reliable. *Gomes v Travisono,* 510 F2d 537 (CA 1, 1974), held that procedural due process requires that the record contain the underlying factual information from which a disciplinary board can conclude that a confidential informant was credible and the information reliable. That court held that the record must contain the informant's statement in language that is factual rather than conclusory and must establish with specificity that the informant spoke from personal knowledge.

Because the scope of confrontation afforded to an inmate is left to the discretion of prison officials, *Wolff, supra,* most courts have been reluctant to find an abuse of discretion in the failure to disclose the identity of an informant. The need for disclosure must be balanced against the informant's need for anonymity. Risks of reprisal and cutting off the flow of information to prison officials are legitimate concerns justifying nondisclosure of an informant's identity. *Orosco v United States,* 526 F Supp 756 (WD Okla, 1981); *Smith v Rabalais,* 659 F2d 539 (CA 5, 1981). Although it may be useful for prison authorities to put in writing the reasons for refusing to permit cross-

examination of witnesses, *Wolff* did not hold that failure to do so constitutes a prima facie abuse of discretion.

Minimum due process requires a disciplinary committee to establish in good faith to its own satisfaction the credibility and reliability of an informant. There must be some information on the record to convince an appellate tribunal that the disciplinary committee undertook such an inquiry in good faith. *Kyle v Hanberry,* 677 F2d 1386 (CA 11, 1982). This does not require the informant himself to be brought before the committee. Broad, conclusory findings, without any underlying factual basis on the record, will support a finding of abuse of discretion by the prison officials. *Hayes v Walker,* 555 F2d 625 (CA 7, 1977). Although a prisoner has only a limited right of confrontation, the discretion of prison officials is not unbounded. Here, the record is inadequate to show that the confidential witness was credible and his information reliable.

We have examined the rest of the allegations and find them to be without merit. The plaintiff, pursuant to MCL 791.252(i); MSA 28.2320(52)(i), received an impartial hearing. The decision of the hearing officer was supported by competent, material and substantial evidence on the whole record. Less than a preponderance is necessary to support the decision of the agency. *Campbell v Marquette Prison Warden,* 119 Mich App 377; 326 NW2d 516 (1982); *Wolff, supra.*

We remand for a determination on the record of the factual basis for the finding that the confidential informant is trustworthy and the information reliable and for the finding of facts which support the officer's decision not to disclose the informant's identity. We do not retain jurisdiction.

Remanded.