TAUBER v DEPARTMENT OF CORRECTIONS

Docket No. 99585. Submitted August 9, 1988, at Detroit. Decided October 17, 1988. Leave to appeal applied for.

A hearing officer found plaintiff, Ronald Tauber, a prison inmate in the custody of defendant, Michigan Department of Corrections, guilty of threatening behavior, a major misconduct violation. Plaintiff appealed and the Ingham Circuit Court, Carolyn Stell, J., affirmed. Plaintiff appealed.

The Court of Appeals *held:*

1. Defendant did not abuse its discretion in conducting the disciplinary proceeding with only the oral testimony of plaintiff and the written statements of the prison guard who arrived first at the scene. There is no indication on the record that plaintiff requested the presence of certain witnesses or assistance in locating potential witnesses.

2. The hearing officer's findings of fact were sufficient.

3. The burden of proof was not shifted onto plaintiff to prove self-defense. Plaintiff's own testimony defeated his claim of self-defense and it was therefore unnecessary for defendant to present substantial evidence refuting the claim of self-defense.

4. The hearing officer's decision was supported by competent, material and substantial evidence on the whole record.

5. The decision in *Martin v Dep't of Corrections,* 424 Mich 553 (1986), holding that disciplinary directives adopted by the Department of Corrections for imposing penalties upon prison inmates for major misconduct violations had not been properly promulgated as rules under the Administrative Procedures Act, is to be given only prospective effect from March 28, 1986. Plaintiff's hearing, conducted prior to March 28, 1986, is not affected by the *Martin* decision. Reversal would not be required even if promulgation was required because the factual allega-

REFERENCES

Am Jur 2d, Penal and Correctional Institutions §§ 128 *et seq.*

Am Jur 2d, Penal and Correctional Institutions §§ 128 *et seq.*

Am Jur 2d Penal and Correctional Institutions §§ 125 *et seq.*

Applicability of Administrative Procedure Act (5 USCS secs. 551 *et seq.*) to federal prison disciplinary proceedings. 39 ALR Fed 808.

tions of the charge are also expressly prohibited by a promulgated rule.

Affirmed.

KELLY, P.J., dissented. He noted that the hearing officer found against plaintiff in the absence of any evidence refuting his claim of self-defense. He feels that the hearing officer's decision was not supported by competent and substantial evidence and was an unwarranted exercise of the hearing officer's discretion. He would reverse.

1. PRISONS AND PRISONERS — HEARINGS — CONFRONTATION — CROSS-EXAMINATION.

Prisoners in Michigan are not constitutionally entitled to full rights of confrontation and cross-examination at prison disciplinary hearings; the scope of confrontation and cross-examination is left to the sound discretion of prison officials.

2. PRISONS AND PRISONERS — HEARINGS — CONFRONTATION.

A prisoner may not personally question a witness at prison disciplinary hearings, but may submit written questions to the hearing officer to be asked of the witness (MCL 791.252[e]; MSA 28.2320[52][e]).

3. PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS — DISCIPLINARY RULES.

The decision in *Martin v Dep't of Corrections,* 424 Mich 553 (1986), holding that disciplinary directives adopted by the Department of Corrections for imposing penalties upon prison inmates for major misconduct violations had not been properly promulgated as rules under the Administrative Procedures Act, is to be given only prospective effect from March 28, 1986; all major misconduct hearings held on or before March 28, 1986, are not affected by the decision in *Martin* (MCL 24.201 *et seq.*; MSA 3.560[101] *et seq.*).

Ronald M. Tauber, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Edgar L. Church, Jr.,* Assistant Attorney General, for defendant.

Before: KELLY, P.J., and MAHER and M. WARSHAWSKY,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

MAHER, J. Plaintiff, a prison inmate in the custody of defendant, Michigan Department of Corrections, appeals as of right from the March 11, 1987, opinion and order of the Ingham Circuit Court affirming a hearing officer's finding that plaintiff was guilty of a major misconduct violation (to wit, "[t]hreatening behavior" in assaulting a fellow inmate). The court held that there was competent, material and substantial evidence to support that finding. We affirm.

The underlying facts of this case, as described in the trial court's opinion and order, are as follows:

> The incident giving rise to disciplinary action being taken against Tauber occurred April 2, 1983, when Tauber admittedly swung wildly at another inmate named Wynn. Tauber explained his behavior by alleging another unknown inmate had entered Tauber's cell and assaulted him. A second unknown inmate was a "lookout." When the "lookout" alerted the person assaulting Tauber that the "cops" were coming, the unknown assaulter took off. Tauber explained he was defending himself, and came out of his cell, swinging wildly at Wynn. Wynn was observed by corrections officers as not trying to protect himself at all. Tauber could not identify a photograph of Wynn as the assaulter or the "lookout" at the hearing.

An administrative hearing was held on April 6, 1983, before a hearing officer to determine plaintiff's guilt of the major misconduct charge. After considering the testimony of plaintiff and the written report prepared by the prison guard who arrived first at the scene, the hearing officer found, in pertinent part:

> The actions of the prisoner by his swinging his fists at Wynn constitutes a promise of physical harm toward Wynn. It is found that Wynn did not

attempt to retaliate in any way. It does not appear that Wynn was the person who attacked this prisoner in his cell since if he had already hit this prisoner, it is doubtful that there would be any reluctance to do so again outside the cell. Based on the direct observations of staff, the violation is sustained.

As a result of the conviction, plaintiff was apparently placed in administrative segregation, was reclassified as a high-risk prisoner, lost disciplinary and good time credits, and his parole was delayed.

Plaintiff thereafter appealed his conviction to the Ingham Circuit Court, arguing that there was insufficient evidence of guilt in that the evidence showed that he had acted in self-defense and that he did not have the requisite intent. He also claimed that the hearing officer "shed his robe of impartiality" when the officer left the hearing at a "crucial moment" to visit the deputies' office. (Plaintiff speculated that the officer discussed the case with one or more deputies.) Finally, plaintiff argued that he was denied due process because he was prevented from locating witnesses on his behalf and was denied access to the prison law library or to an attorney.

By an opinion and order dated March 11, 1987, the Ingham Circuit Court affirmed the decision of the hearing officer, holding:

Stripped of various unproven allegations of bias, Tauber has done no more than present a fact-finding hearing in which an issue of credibility was resolved against his position. The officer/witnesses saw the threatening behavior against Wynn and that Wynn did not attempt to retaliate. The hearing officer concluded that Wynn was not involved in the attack and therefore Tauber's defense had no merit. Tauber's arguments regarding

being held in administrative segregation do not change the factual nature of the dispute. The consequences of the misconduct hearing findings as related to Tauber's prisoner classification are beyond the scope of this appeal.

The Court finds the hearing officer's decision of April 6, 1983 supported by competent, material and substantial evidence on the whole record, and no violation of the other requirements of MCL 24.306; MSA 3.560(206) have been shown.

It is from that opinion and order that plaintiff filed this appeal as of right.

Plaintiff first claims that his right to due process was violated because (1) he was not given the opportunity to call witnesses on his behalf at the hearing, (2) the hearing officer failed to make specific findings as to plaintiff's claim of self-defense, and (3) he was required to prove self-defense rather than the burden being on defendant to show that there was no self-defense. We find no merit to these claims.

Although a prisoner retains some due process rights, prison disciplinary proceedings are not clothed with the same constitutional protections as criminal prosecutions. A prisoner is not entitled to the same constitutional rights and safeguards that are attendant to proceedings which resulted in the prisoner's initial loss of liberty. *Wolff v McDonnell,* 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974); *Dickerson v Marquette Prison Warden,* 99 Mich App 630, 635; 298 NW2d 841 (1980). Specifically, prisoners are not constitutionally entitled to full rights of confrontation and cross-examination in connection with disciplinary proceedings. In the interests of safety and to lessen the risks of reprisal, the scope of confrontation and cross-examination afforded to inmates must be left to the sound discretion of the prison authorities. *Wolff, supra;*

*Casper v Marquette Prison Warden,* 126 Mich App 271, 273; 337 NW2d 56 (1983). A prisoner may not personally question a witness, but may submit written questions to the hearing officer to be asked of the witness. MCL 791.252(e); MSA 28.2320(52)(e); *Casper, supra,* p 273.

In the instant case, plaintiff only submitted two questions to be asked of Sergeant Eidenier (who witnessed part of the incident). Apparently these were asked to plaintiff's satisfaction. Although plaintiff indicated that other inmates were present, he stated that he did not know who any of them were and never submitted any proposed questions that might be asked. Moreover, there is nothing in the record even showing that plaintiff requested assistance in locating the witnesses. Instead, the report prepared by Sergeant Eidenier indicated that "Mr. Tauber either couldn't or wouldn't identify who assaulted him. Mr. Tauber is not willing to prosecute." Absent some indication on the record that plaintiff requested the presence of certain witnesses or assistance in locating potential witnesses, we cannot say that defendant abused its sound discretion in conducting the disciplinary proceeding with only the oral testimony of plaintiff and the written statements of Sergeant Eidenier.

We also can find no fault with the hearing officer's findings of fact. According to defendant's "Hearing Handbook," as cited by plaintiff in his appellate brief, a hearing officer may accept a claim of self-defense only if he finds that six conditions existed. If the officer rejects the claim, he must specify which conditions were not met. Here, the hearing officer noted that plaintiff's actions threatened physical harm to Wynn, who did not retaliate, and that Wynn was not the one who initially assaulted plaintiff. Although those

findings did not address the conditions expressly, we believe it is clear that the officer found that Wynn had not provoked plaintiff, that Wynn had not mutually agreed to the use of force, and that plaintiff had a reasonable alternative to the use of force. In such case, the hearing officer's findings were more than sufficient.

As to plaintiff's claim that the burden of proof was impermissibly shifted onto him to prove self-defense, we believe he is mistaken. A review of the record reveals that the hearing officer simply found that defendant, through the written statements of Sergeant Eidenier, had shown that plaintiff's actions were not in self-defense. The officer did not find that plaintiff had failed to prove the existence of self-defense.

Defendant next argues that the hearing officer's decision was not supported by competent, material and substantial evidence on the whole record. We disagree. Even accepting plaintiff's version of the incident as true, there was sufficient evidence to support the hearing officer's decision.

According to plaintiff, an unknown inmate entered his cell and assaulted him while other inmates, possibly including Wynn, acted as "lookouts." When prison officials approached the area, the attacker fled and plaintiff stumbled out of the cell, swinging his fists wildly. By his own admissions, plaintiff established that the attack on him had ended and that Wynn never physically attacked or threatened him. In addition, Sergeant Eidenier stated that, when he arrived at the scene, he observed plaintiff punching out at Wynn, who was holding plaintiff back at arm's length without retaliating. Hence, even if the hearing officer believed that plaintiff had been assaulted, there was substantial evidence (i.e., more than a scintilla but less than a preponderance, *Campbell v Marquette*

*Prison Warden,* 119 Mich App 377, 385; 326 NW2d 516 [1982]) under the instant circumstances to infer that plaintiff intended to cause fear of harm in Wynn. See *People v Gilliam,* 27 Mich App 314, 317; 183 NW2d 364 (1970), lv den 384 Mich 790 (1970); *People v Jackson,* 25 Mich App 596, 598; 181 NW2d 794 (1970).

We must emphasize that our holding is based upon the admissions of plaintiff himself, and not just upon the evidence (or lack thereof) presented by defendant. Plaintiff, by admitting that the attack against him had ended and that Wynn was not his assailant, defeated his own claim of self-defense. Since plaintiff was not defending himself against an attack by Wynn, it was therefore unnecessary for defendant to present substantial evidence refuting the claim of self-defense.

Lastly, defendant claims that his "conviction" of threatening behavior must be set aside because that offense was contained only in a policy directive and was not promulgated as a rule in accordance with *Martin v Dep't of Corrections,* 424 Mich 553; 384 NW2d 392 (1986). There is currently a split among panels of this Court regarding the prospective effect of *Martin.* In *Guerrero v Dep't of Corrections,* 165 Mich App 192; 418 NW2d 685 (1987), it was held that *Martin* should not apply where the major misconduct hearing was conducted on or before March 28, 1986. But, in *Collins v Dep't of Corrections,* 167 Mich App 263; 421 NW2d 657 (1988), it was held that *Martin* applies to those cases pending as of March 28, 1986. We believe that *Guerrero* expresses the better view. Therefore, plaintiff is precluded from challenging the policy directive as not properly promulgated under the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*

However, assuming that promulgation was re-

quired, we do not believe reversal is required because the factual allegations of the charge are also expressly prohibited by a promulgated rule, 1979 AC, R 791.5501(2)(d) (i.e., assault or threat of violence constitutes a major misconduct). Thus, application of that rule would not raise issues that plaintiff did not have an opportunity to address below. Compare *Collins, supra,* pp 265-266 (application of administrative rules not allowed since they did not expressly prohibit conduct with which the inmate was charged under the policy directive). Plaintiff should not be heard to complain that he was not on notice that his conduct was proscribed.

Affirmed.

M. WARSHAWSKY, J., concurred.

KELLY, P.J. *(dissenting).* The reviewing circuit judge noted in her opinion that

[s]tripped of various unproven allegations of bias, Tauber has done no more than present a fact-finding hearing in which an issue of credibility was resolved against his position.

This assertion is correct, but does not justify affirming the hearing officer's decision. The hearing officer decided the issue of credibility against Tauber without hearing any testimony contra to Tauber's version of the incident. Tauber was the only one that testified in front of him. The hearing officer simply read the police officer's account of the events from his written reports. The other person involved in the altercation, a prisoner identified by name, number, and lock, did not testify. The hearing officer drew conclusions from the officer's report which were not contained in the report. The officer himself did not initially issue a citation to Tauber. The officer "informed A.R.N.M. Brown of what I saw, and he instructed me to

write Mr. Tauber a ticket for threatening behavior. I did as instructed." The officer's report did mention that Tauber told the officer that he was defending himself from an attack by another prisoner and that prisoner Wynn was acting as a lookout for the prisoner who had assaulted him.

The hearing officer inferred that Wynn was not the attacker but the defendant, Department of Corrections, refused to allow plaintiff to call as witnesses the prisoners assigned to adjoining cells. This rendered his right to present evidence meaningless. MCL 791.252; MSA 28.2320(52).

The majority's rather elaborate construct of "plaintiff's version of the incident" which turns his testimony into an admission that the attack had ended is a replay which seems to me out of focus. We don't know how many seconds this altercation took, but the failure of the department to allow plaintiff to discover witnesses and the failure of the department to produce Wynn and Eidenier certainly impairs the process.

The majority correctly outlines the scope of review applied to prison disciplinary hearings by § 106 of the Administrative Procedures Act, MCL 24.306; MSA 3.560(206). Section 106 provides that a decision should be set aside if substantial rights of the petitioner have been prejudiced because the decision is "Not supported by competent, material and substantial evidence on the whole record," or "Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion." The hearing officer found against Tauber in the absence of any evidence refuting Tauber's claim of self-defense. This decision was not supported by evidence, and seems to me an unwarranted exercise of the hearing officer's discretion.

I find the decision of the hearing officer not supported by competent and substantial evidence on the whole record. I would reverse.