CUSTER v MARQUETTE PRISON WARDEN

Docket No. 60735. Submitted August 4, 1982, at Grand Rapids.—
Decided July 22, 1983.

Keith Custer, an inmate at the Marquette Branch Prison, was
found guilty of rioting by a Department of Corrections hearing
officer. Custer sought judicial review in the Marquette Circuit
Court. That court, John E. McDonald, J., dismissed the petition
for review and Custer appealed, alleging that the evidence
presented at the hearing was insufficient to find him guilty of
rioting, that the hearing officer's summary of his findings was
inadequate and that he was denied due process because, after
the determination of guilt, his prison status was changed
without a separate hearing. *Held:*

1. Prison misconduct hearings are subject to judicial review
in accordance with the Administrative Procedures Act, and the
findings must be supported by competent, material, and sub-
stantial evidence on the record. The evidence presented to the
hearing officer was sufficient to support the officer's finding.

2. The officer's written summary of his findings, which stated
the underlying facts supporting the charge of rioting, was
sufficient.

3. The reclassification of the plaintiff without a separate
hearing did not deny him of due process as the reclassification
was based on the findings resulting from the hearing on the
charges.

Affirmed.

1. PRISONS AND PRISONERS — PRISON MISCONDUCT — EVIDENCE —
FINDINGS OF FACT.

A decision of a hearing officer at a Department of Corrections
prisoner misconduct hearing must be based on a preponderance
of the evidence and the officer's findings of fact must be
accompanied by a concise and explicit statement of the under-
lying facts supporting the findings (MCL 791.252[k]; MSA
28.2320[52][k]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law §§ 678-691, 697.
[3] 60 Am Jur 2d, Penal and Correctional Institutions §§ 41, 42.

2. ADMINISTRATIVE LAW — EVIDENCE.

> An agency decision made pursuant to the Administrative Procedures Act is to be set aside if substantial rights of the petitioner have been prejudiced because the decision is not supported by competent, material, and substantial evidence on the whole record (MCL 24.306[1][d]; MSA 3.560[206][1][d]).

3. PRISONS AND PRISONERS — DUE PROCESS — CHANGE OF CLASSIFICATION.

> A prisoner whose classification is changed as a result of a determination of misconduct is not denied due process of law by the failure of the prison authorities to hold a separate hearing on the reclassification issue.

Keith Custer, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Paula G. Humphries,* Assistant Attorney General, for defendant.

Before: V. J. BRENNAN, P.J., and D. E. HOLBROOK, JR., and J. R. ERNST,* JJ.

PER CURIAM. Plaintiff, an inmate at the Marquette Branch Prison, appeals as of right from a circuit court order dismissing his petition for judicial review of a Department of Corrections hearing officer's finding that plaintiff was guilty of rioting.

Plaintiff contends that the evidence presented at the hearing was insufficient to find him guilty of rioting. The statute which governs Department of Corrections misconduct hearings provides that the decision of the hearing officer must be based on a preponderence of the evidence. MCL 791.252 (k); MSA 28.2320(52)(k). MCL 791.255; MSA 28.2320(55) provides for judicial review of the hearing officer's decisions, to be conducted in accordance with the Administrative Procedures Act. Agency decisions are to be set aside if substantial rights of the petitioner have been prejudiced be-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cause, *inter alia,* the decision is "not supported by competent, material and substantial evidence on the whole record". MCL 24.306(1)(d); MSA 3.560(206)(1)(d).

The evidence presented to the hearing officer consisted of the reporting officer's statement that, during the riot of May 26, 1981, he observed plaintiff and several other residents approaching another officer in a threatening manner, but that the residents backed off after a rifle was fired. The reporting officer also stated that an announcement had already been given ordering residents to their cells, but that plaintiff did not return, remaining instead in the yard. Plaintiff, in his petition for judicial review, stated that a violent crowd prevented him from returning to his cell and that he had no recollection of ever seeing the officer he allegedly approached in a threatening manner.

The hearing officer found that plaintiff remained in the yard after all residents were ordered to return to their cells, that his actions disrupted the prison and were a danger to an officer in the yard and that a shot had to be fired to control plaintiff. The hearing officer's finding was supported by sufficient evidence, as the hearing officer resolved an issue of credibility against plaintiff.

Plaintiff also contends that the hearing officer's written summary of his findings was inadequate. MCL 791.252(k); MSA 28.2320(52)(k) provides that "[f]indings of fact * * * shall be accompanied by a concise and explicit statement of the underlying facts supporting them". The hearing officer's findings were sufficient, as he stated the underlying facts supporting the charge of rioting. Moreover, we are not disturbed by the hearing officer's statement that plaintiff was not guilty of the threatening behavior charge, as it is clear from the report

that the hearing officer felt that the rioting charge encompassed the threatening behavior charge.

After the hearing officer found plaintiff guilty of rioting and after he was found guilty of disobeying a direct order in an incident unrelated to the riot, the prison administration reclassified plaintiff's security status to administrative segregation "000" B-Unit. Plaintiff contends that he was denied due process and equal protection because his classification was changed without a separate hearing.

The reclassification was based on the hearing officer's determination that plaintiff was guilty of rioting and on the determination that plaintiff disobeyed an order. Thus, plaintiff did receive a hearing on the charges that served as the reasons for his reclassification. The failure to hold a separate hearing on the reclassification issue did not deprive plaintiff of his right to due process. See *Dickerson v Warden, Marquette Prison,* 99 Mich App 630, 633, 634; 298 NW2d 841 (1980).

Affirmed.