772 F.2d 906
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM HENRY DEASE, PLAINTIFF-APPELLANT,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; JERRY SHERMAN; DON
WENTWORTH; PAUL SHELLEY AT KINROSS CORRECTIONAL
FAOILITY, DEFENDANTS-APPELLEES.
 NO. 85-1116
 United States Court of Appeals, Sixth Circuit.
 8/13/85
 
 1
 W.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and GIBBONS, District Judge.*
 
 
 3
 Plaintiff appeals the summary judgment for defendants in this civil rights action. He has filed motions for appointment of counsel and for a temporary restraining order. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of plaintiff's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Plaintiff, a Michigan prisoner, filed this civil rights action against a prison hearing officer, the Treatment Director, and an assistant custody deputy. He alleged that he was found guilty of a major misconduct (substance abuse). The next day, an informal security classification hearing was held and plaintiff's classification was restricted. He was placed in administrative segregation pending transfer to another institution as a result of the new security classification. Plaintiff alleged that his due process and equal protection rights were violated because major misconduct charges were dismissed against a white inmate (plaintiff is black), he was not given notice prior to the security classification hearing, the security classification hearing was not the type of hearing required by the regulations, and a white inmate had received notice prior to his security classification hearing. The complaint sought injunctive and declaratory relief and damages. The district court, in a through opinion, granted summary judgment for defendants. We affirm.
 
 
 5
 The district court correctly held that plaintiff's equal protection claims are mere conclusions that cannot support a civil rights cause of action. See Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971); Blackburn v. Fisk University, 443 F.2d 121 (6th Cir. 1971). Plaintiff alleged in his complaint that misconduct charges were dismissed against a white inmate and another white inmate received notice before his security classification hearing. Plaintiff alleged nothing demonstrating that these white inmates were in the same situation as plaintiff. The district court correctly noted that the facts and circumstances surrounding the misconduct charges will affect the determination of guilt and the punishment imposed. Plaintiff's allegations were insufficient to demonstrate an equal protection violation.
 
 
 6
 Plaintiff's primary complaint is that he was reclassified without notice and a proper hearing, resulting in his administrative segregation and transfer to another institution. Prison officials have broad discretion in the internal management of prisons. Hewitt v. Helms, 459 U.S. 460 (1983). A prisoner has no constitutional entitlement to a particular classification, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), to remain in the general prison population, Hewitt v. Helms, supra; Bills v. Henderson, 631 F.2d 1287 (6th Cir. 1980), or to be free from transfer to another institution. Olim v. Wakinekona, 461 U.S. 238 (1983); Montanye v. Haymes, 427 U.S. 236 (1976); Meachum v. Fano, 427 U.S. 215 (1976). However, a state may create a liberty interest through state statutes, regulations or policies. See Olim v. Wakinekona, supra; Hewitt v. Helms, supra. Plaintiff has no right to due process in the classification change unless Michigan has created a liberty interest in the reclassification sufficient to invoke due process protection.
 
 
 7
 Plaintiff claims that MCL Sec. 791.251; MSA 28.2320(51) creates a protected liberty interest.[1] This statute requires a hearing whenever a prisoner's security classification change may result in his placement in administrative segregation. The Michigan Administrative Regulations provide that administrative segregation may be imposed if the prisoner is a serious threat to order. R. 791.4405(1)(c). A prisoner is not entitled to a security classification hearing when a more restrictive classification is necessitated by a transfer approved by the security classification committee after reviewing the findings made at a misconduct hearing. R. 791.4401(6)(h). Plaintiff argues that these provisions entitle him to notice and a separate clas ification hearing after his hearing on the major misconduct charges. However, in Custer v. Marquette Prison Warden, 128 Mich. App. 524, 340 N.W.2d 314 (1983), the Michigan Appellate Court held that due process does not require a separate classification hearing once a prisoner has been found guilty of major misconduct after a hearing. See also, DeWalt v. Warden, Marquette Prison, 112 Mich. App. 313, 315 N.W.2d 584 (1982); Dickerson v. Warden, Marquette Prison, 99 Mich. App. 630, 298 N.W.2d 841 (1980). The state court's interpretation of its own statute is relevant to a determination whether a liberty interest exists. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). Plaintiff admits that he received a hearing on the major misconduct charges and does not complain of any due process violations in that hearing. Also, plaintiff admits that he had an informal hearing before his reclassification. Under Michigan law, plaintiff was not entitled to a classification hearing subsequent to the hearing on the major misconduct charge. Therefore, he has not been deprived of due process in his reclassification and the resulting segregation and transfer. See Walker v. Johnson, 544 F. Supp. 345 (E.D. Mich. 1982).
 
 
 8
 The district court also held that defendants are absolutely immune from damages liability in conducting the hearing. It is not necessary to reach this issue since no due process violation occurred.
 
 
 9
 Plaintiff has moved for a temporary restraining order alleging that defendants placed him in the 'hole' pending his transfer, and subsequently transferred him to the State Prison of Southern Michigan. (SPSM). He alleges that he was denied use of the law library while in the 'hole' and that his life is endangered at SPSM. Plaintiff is not entitled to relief since his segregation and transfer did not violate due process. Insofar as the motion raises new claims, this Court cannot consider them. See Michigan Chemical Corp. v. American Home Assurance Co., 728 F.2d 374 (6th Cir. 1984); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 n.46 (6th Cir. 1983).
 
 
 10
 Accordingly, it is ORDERED that the motions for appointment of counsel and for a temporary restraining order are denied and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Julia Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 Plaintiff also alleges that various prison policy directives allowing his reclassification without a hearing are invalid because they were never officially promulgated. See Spruytte v. Walters, 753 F.2d 498 (6th Cir. 1985). This issue is irrelevant since Michigan statutes and regulations did not create a liberty interest in a separate classification hearing following a major misconduct hearing