831 F.2d 293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James ALEXANDER, Plaintiff-Appellant,
v.
Frank ELO; and Herbert Grinage, Defendants-Appellees.
 No. 87-1345.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1987.
 
 1
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action. Upon consideration of the record and briefs submitted by the parties, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Upon review, we affirm the judgment of the district court. Plaintiff has failed to demonstrate a constitutionally cognizable liberty interest in a second formal hearing prior to placement in administrative segregation. See Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985); Custer v. Marquette Prison Warden, 128 Mich.App. 524, 340 N.W.2d 314, 316 (Mich.Ct.App.1983). Even assuming a vested liberty interest, we conclude that plaintiff failed to assert a procedural due process violation as plaintiff did not plead and prove that state remedies were inadequate to redress this alleged random and unauthorized action in contravention of state law. See Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). Plaintiff also failed to state a cognizable substantive due process violation. See Parratt, 451 U.S. at 536.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation