16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Paul HARRIS-BEY, Plaintiff-Appellant,
v.
Marsha FORESMAN, A.D.W.; J. Hofbauer; E. Bradshaw,
Defendants-Appellees.
 No. 93-1963.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Paul Harris-Bey, a pro se Michigan prisoner, appeals a district court order granting the defendants' motion for summary judgment in this civil rights action filed under 42 U.S.C. Sec. 1983. The defendants, sued in their individual and official capacities, are the deputy warden at the State Prison of Southern Michigan (SPSM), an assistant deputy warden at SPSM, and a resident unit manager at SPSM. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 According to the complaint, Harris-Bey received a misconduct charge ("insolence") on August 25, 1992. On September 14, 1992, a hearing was held, and Harris-Bey was ultimately found guilty of the charged violation and sentenced to three days' top-lock. Harris-Bey alleged that on the following day, he received a security reclassification notice which assigned him to administrative segregation, based on the finding of guilt at the misconduct hearing. Thereafter, Harris-Bey filed a grievance, alleging that he was placed in administrative segregation without any hearing or notice in violation of Mich.Admin. Code r. 791.4405. Harris-Bey also wrote Warden Jabe contesting his reclassification. He claimed he spent 30 days unlawfully confined to administrative segregation in violation of his due process rights. Harris-Bey sought declaratory, injunctive and monetary relief.
 
 
 3
 A magistrate judge determined that Harris-Bey's allegations were insufficient to support his claims of constitutional violations and recommended that defendants' motion for summary judgment be granted. The district court adopted the magistrate judge's recommendation over Harris-Bey's objections.
 
 
 4
 Upon review, we affirm the district court's order because there exist no genuine issues of material fact and defendants are entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Harris-Bey's primary complaint on appeal is that he did not receive a proper hearing in connection with the reclassification that resulted in his administrative segregation. Prison officials have broad discretion in the internal management of prisons. Hewitt v. Helms, 459 U.S. 460, 467 (1983). A prisoner has no inherent constitutional right to remain free from administrative segregation, id. at 468, or from any particular security classification within the prison. Montanye v. Haymes, 427 U.S. 236, 242 (1976). However, a state may create a liberty interest through state statutes, regulations or policies. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Hewitt, 459 U.S. at 469.
 
 
 6
 Rule 791.4405, Mich.Admin.Code, gives Michigan prisoners a protected interest in being free of administrative segregation without a hearing. See Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985). The hearing requirement "may be fulfilled," however, "by provision of a major misconduct hearing ... if the classification to segregation is based solely on findings of guilt at a major misconduct hearing." Rule 791.4405(4). See also Custer v. Marquette Prison Warden, 340 N.W.2d 314, 316 (Mich.Ct.App.1983). Furthermore, a prison policy directive provides as follows:
 
 
 7
 "A prisoner may be classified to administrative segregation after being found guilty of a major misconduct violation. In such cases a second hearing is not required but reclassification shall occur promptly after the major misconduct hearing or upon completion of any detention sanction which is given." Policy Directive BCF-60.01.
 
 
 8
 Under Michigan law, therefore, Harris-Bey was not entitled to a separate classification hearing in addition to his hearing on the misconduct charge. Since he received a full hearing pursuant to the major misconduct charge, he has not been deprived of a liberty interest without due process of law. See Walker v. Mintzes, 771 F.2d at 933, where this court held that Rule 791.4405 does not confer the right to a separate hearing when a finding of major misconduct is grounds for administrative segregation.
 
 
 9
 Harris-Bey's argument that he was entitled to a separate hearing because his administrative segregation was not based solely on the insolence charge lacks merit. The finding of major misconduct was the sole event that triggered the proceedings to re-classify him to administrative segregation.
 
 
 10
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.