GUERRERO v DEPARTMENT OF CORRECTIONS

Docket No. 95876. Submitted November 10, 1987, at Detroit. Decided December 9, 1987.

Edward Guerrero, an inmate serving three concurrent life terms at the State Prison of Southern Michigan since 1972, brought an action in Ingham Circuit Court against the Department of Corrections, seeking a declaration that numerous major misconduct reports and guilty findings against him under Department of Corrections disciplinary directives were invalidated under a March 28, 1986, decision of the Supreme Court in *Martin v Dep't of Corrections*, 424 Mich 553, and should be expunged from his record. In *Martin*, the Supreme Court held that the disciplinary directives adopted by the Department of Corrections for imposing penalties upon prison inmates for major misconduct violations had not been properly promulgated as rules under the Administrative Procedures Act. The trial court, James T. Kallman, J., granted summary disposition in favor of defendant, ruling that the decision in *Martin* does not apply retroactively. Plaintiff appealed.

The Court of Appeals *held:*

The public's interest in safety requires that the invalidation of defendant's disciplinary directives pursuant to *Martin* be given only prospective application from March 28, 1986.

Affirmed.

PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS — DISCIPLI-
NARY RULES.

The decision in *Martin v Dep't of Corrections*, 424 Mich 553 (1986), holding that disciplinary directives adopted by the Department of Corrections for imposing penalties upon prison inmates for major misconduct violations had not been properly promulgated as rules under the Administrative Procedures Act is to be given only prospective effect from March 28, 1986; all major misconduct hearings held on or before March 28, 1986,

REFERENCES

Am Jur 2d, Penal and Correctional Institutions §§ 124 *et seq.*

Applicability of Administrative Procedure Act (5 USCS secs. 551 *et seq.*) to federal prison disciplinary proceedings. 39 ALR Fed 808.

are not affected by the decision in *Martin* (MCL 24.201 *et seq.*; MSA 3.560[101] *et seq.*).

Edward Guerrero, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Louis J. Porter,* Assistant Attorney General, for defendant.

Before: HOOD, P.J., and R. M. MAHER and J. B. SULLIVAN, JJ.

PER CURIAM. This case is before us for a determination of the retroactivity of *Martin v Dep't of Corrections,* 424 Mich 553; 384 NW2d 392 (1986). In *Martin,* our Supreme Court held that the disciplinary directives of the Department of Corrections were not properly promulgated as rules pursuant to the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*

Plaintiff, Edward Guerrero, has been an inmate at the State Prison of Southern Michigan at Jackson since July 31, 1972. He has been serving three concurrent life terms subsequent to pleading guilty to three separate counts of rape. Since being incarcerated at Jackson, plaintiff has received numerous major misconduct reports and guilty findings under the Department of Corrections disciplinary directives.

On July 25, 1986, plaintiff filed a complaint for declaratory judgment, requesting the court to declare plaintiff's previous major misconduct reports and guilty findings invalid. Plaintiff alleged that *Martin* should be retroactively applied to declare his major misconduct violations invalid and have them expunged from defendant's records. Plaintiff has never contended that he did not violate defendant's disciplinary standards.

Defendant moved for summary disposition, con-

tending that *Martin* could not be applied retroactively to invalidate plaintiff's misconduct violations, plaintiff responded to defendant's motion, and the trial judge determined that plaintiff was not entitled to any relief and ordered that plaintiff's complaint be dismissed. Plaintiff appeals as of right.

While plaintiff frames his issues in terms of whether his major misconduct findings should be declared void and ordered expunged from the records, the dispositive issue is whether some of the language of *Martin* should be binding retroactively.[1] The Supreme Court in *Martin* declared:

> The narrow question we decided today is whether . . . the trial court correctly held that inmates are not members of the "public" for purposes of the APA, and the department thus acted with proper authority; or whether the Court of Appeals was correct in holding that prison inmates are members of the "public" under the APA and the department therefore did not come under the quoted exception to the APA procedural requirements. We affirm the decision of the Court of Appeals. [*Martin, supra,* p 555.]

The majority opinion concluded, however, with the following language:

> [W]e are compelled to conclude that the Legislature, in enacting the APA, did not intend to include disciplinary provisions adopted by the Department of Corrections as "an intergovernmental, interagency or intra-agency directive or communication which does not affect the right of, or procedures and practices available to the public" and consequently excluded from APA requirements. There-

---

[1] Defendant raises several issues which we need not discuss since we conclude that the trial court's dismissal was correct and that the language of *Martin* is not retroactive.

fore, while we do not adopt the rationale of the Court of Appeals, we affirm their decision that the disciplinary directives of the Department of Corrections were not properly promulgated as rules pursuant to the Administrative Procedures Act. [*Martin, supra,* p 564.]

While it has been stated that the general rule in applying Supreme Court decisions is one of retroactivity, our Supreme Court has adopted a "flexible approach," *Tebo v Havlik,* 418 Mich 350, 360; 343 NW2d 181 (1984).

In *Placek v City of Sterling Heights,* 405 Mich 638, 665; 275 NW2d 511 (1979), the Supreme Court stated:

If a court were absolutely bound by the traditional rule of retroactive application, it would be severely hampered in its ability to make needed changes in the law because of the chaos that could result in regard to prior enforcement under that law.

In *Tebo v Havlik, supra,* pp 360-361, the Court further stated:

Appreciation of the effect a change in settled law can have has led this Court to favor only limited retroactivity when overruling prior law. Thus, when the doctrine of imputed negligence was overruled in *Bricker v Green,* 313 Mich 218; 21 NW2d 105 (1946), the decision was applied only to the case before the Court and to pending and future cases. When the doctrine of charitable immunity was overruled in *Parker v Port Huron Hospital,* 361 Mich 1; 105 NW2d 1 (1960), the retroactive effect of the decision was limited to the parties before the Court. Even where statutory construction has been involved, this Court has limited the retroactivity of a decision when justice so required. See *Gusler v Fairview Tubular Prod-*

*ucts,* 412 Mich 270; 315 NW2d 388 (1981); *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979).

While we find no Michigan authority which addresses retroactivity in a case similar to that before us, we find a similar New Jersey opinion both instructive and convincing.

In *Dep't of Corrections v McNeil,* 209 NJ Super 120; 506 A2d 1291 (1986), the appellate division of the New Jersey Superior Court determined that the disciplinary standards of the New Jersey Department of Corrections were not validly imposed because they were not in conformity with the procedures of its state's administrative procedures act. However, the court held that there would be no retroactive invalidation of the disciplinary standards. The court reasoned that the overall invalidation of these standards would void literally tens of thousands of disciplinary proceedings and would trigger the early inappropriate release of large numbers of inmates. Thus, the court concluded that the invalidation of the disciplinary standards would only be given prospective effect.

The instant case is virtually identical to *McNeil.* As in *McNeil,* plaintiff seeks to have his misconduct violations invalidated because defendant's disciplinary directives were not promulgated in conformance with our state's Administrative Procedures Act. Plaintiff requests, as did McNeil in new Jersey, that this Court declare that the invalidation of defendant's disciplinary directives should be applied retroactively.

However, as discussed in *McNeil,* the retroactive invalidation of the instant disciplinary directives would void literally tens of thousands of disciplinary proceedings and could trigger the early inap-

propriate release of large numbers of inmates. Additionally, invalidation of major misconduct findings could result in hundreds of insubordinate inmates being transferred to lower security prison facilities. Therefore, as in *McNeil,* the public's interest in safety requires that the invalidation of defendant's disciplinary directives not be given retroactive application.

Moreover, in this instance, even more than our Supreme Court indicated in *Placek,* the retroactive application of the *Martin* decision could result in chaos. In the instant case, the retroactive invalidation of all major misconduct hearings would create tremendous difficulties. The Department of Corrections has indicated that it handled over 60,000 such hearings in 1985 alone. Thus, in order to avoid administrative chaos in the Department of Corrections and possibly in our state's court system, the invalidation of defendant's disciplinary directives should only be given prospective application from the date of our Supreme Court's March 28, 1986, decision in *Martin.* Accordingly, all major misconduct hearings held on or before March 28, 1986, should be unaffected by the *Martin* case. Plaintiff's request for the invalidation of major misconduct findings made prior to March 28, 1986, was properly denied by the trial court.

Affirmed.