COLLINS v DEPARTMENT OF CORRECTIONS

Docket Nos. 99139, 99447. Submitted December 7, 1987, at Lansing. Decided March 9, 1988.

Thomas Collins, an inmate at the State Prison of Southern Michigan, brought an action in the Ingham Circuit Court against the Department of Corrections for a declaratory judgment that *Martin v Dep't of Corrections,* 424 Mich 553 (1986), applied retroactively to invalidate all of his past major misconduct adjudications which had become final, Docket No. 99139. Collins also petitioned the Ingham Circuit Court for timely review of an adjudication of a major misconduct violation, Docket No. 99447. The court, Robert Holmes Bell, J., held that *Martin* should be given limited retroactivity to plaintiff's pending appeal of a major misconduct adjudication but not to the adjudications which were already final. Plaintiff appealed in Docket No. 99139 and defendant appealed in Docket No. 99447. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

The rule that the Department of Corrections is subject to the rulemaking requirements of the Administrative Procedures Act in promulgating disciplinary directives for imposing penalties upon prison inmates for major misconduct violations, adopted March 28, 1986, applies prospectively and to cases pending on the date of adoption in which the issue was raised.

Affirmed.

1. COURTS — RULES OF LAW — PROSPECTIVITY — RETROACTIVITY.

Prospective application is preferred over full or limited retroactive application when overruling an established precedent or when deciding an issue of first impression whose resolution was not clearly foreshadowed; if retroactive effect is warranted, then full retroactive effect is preferred unless limited retroactivity is justified; the following considerations are pertinent to

REFERENCES

Am Jur 2d, Courts §§ 233-236.

Am Jur 2d, Penal and Correctional Institutions §§ 124-126, 226, 227, 234.

Comment Note.—Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

the determination of whether a new rule of law should be given full retroactivity, limited retroactivity, or prospectivity only: (1) the purpose of the new rule; (2) the general reliance upon the old rule; and (3) the effect of full retroactive application of the new rule on the administration of justice.

2. PRISONS AND PRISONERS — ADMINISTRATIVE LAW — ADMINISTRA-
   TIVE PROCEDURES ACT — DISCIPLINARY RULES — RETROACTIVITY.

   The rule that the Department of Corrections is subject to the rulemaking requirements of the Administrative Procedures Act in promulgating disciplinary directives for imposing penalties upon prison inmates for major misconduct violations, adopted March 28, 1986, applies prospectively and to cases pending on the date of adoption in which the issue was raised.

Thomas Collins, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas A. Kulick,* Assistant Attorney General, for defendant.

Before: DANHOF, C.J., and SHEPHERD and C. L. BOSMAN,* JJ.

PER CURIAM. In this consolidation of two cases, we are asked to determine the effect of *Martin v Dep't of Corrections,* 424 Mich 553; 384 NW2d 392 (1986). Plaintiff, an inmate at the State Prison of Southern Michigan at Jackson, filed the first action (Docket No. 99139), asking for a declaratory judgment that *Martin* applied retroactively to invalidate all of his past major misconduct adjudications that had become final. In the second action (Docket No. 99447), plaintiff made a timely petition for review of a major misconduct violation for unauthorized occupation of a cell or room. The circuit court held that *Martin* should be given limited retroactivity. Therefore, *Martin* did not apply to plaintiff's misconduct adjudications that had become final and summary disposition was

* Circuit judge, sitting on the Court of Appeals by assignment.

granted to defendant in Docket No. 99139. However, *Martin* applied to the pending appeal in Docket No. 99447 and summary disposition was granted to plaintiff. Plaintiff appeals as of right in Docket No. 99139, arguing that *Martin* should have full retroactive effect. Defendant appeals as of right in Docket No. 99447, arguing that *Martin* does not apply to the facts of the present case and *Martin* should be given only prospective application. We affirm the orders of the circuit court.

*Martin* resolved a conflict in this Court regarding whether prisoners were members of the general public.[1] The issue had to be decided in order to determine whether the Department of Corrections' disciplinary directives had to be promulgated as rules pursuant to the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* If the disciplinary directives did not affect the public, then they did not meet the definition of a rule and did not have to be formally promulgated as rules. MCL 24.207; MSA 3.560(107). If prisoners were members of the public, then the disciplinary directives were invalid because they had not been formally promulgated as rules. The *Martin* Court held that prisoners were members of the public and the disciplinary directives were invalid.

Defendant argues in Docket No. 99447 that *Martin* does not apply because plaintiff's misconduct violation could come under 1979 AC, R 791.5501 and 1980 AACS, R 791.5513, which are both promulgated rules. However, prisoner disciplinary proceedings must meet minimum due process requirements, including advance written notice of

---

[1] This Court held in *Martin v Dep't of Corrections,* 140 Mich App 323; 364 NW2d 322 (1985), that prisoners were members of the general public. Another panel of this Court reached the opposite conclusion in *Kirkeby v Dep't of Corrections,* 141 Mich App 148; 366 NW2d 28 (1985).

the charged violation. *Tocco v Marquette Prison Warden,* 123 Mich App 395, 399; 333 NW2d 295 (1983); *Dickerson v Warden, Marquette Prison,* 99 Mich App 630, 636; 298 NW2d 841 (1980). Since plaintiff was charged and his case was adjudicated based on policy directive PD-DWA 60.01, we do not think that it would be in accord with due process to consider whether plaintiff could have been charged under 1979 AC, R 791.5501 and 1980 AACS, R 791.5513. While the factual allegations of the charge remain the same, the administrative rules do not expressly prohibit the conduct with which plaintiff was charged. Therefore, application of the administrative rules would raise issues that the parties did not have an opportunity to address below. See *Martin, supra,* pp 557-558, n 3.

Next, we will consider plaintiff's argument that *Martin* should have full retroactive effect and defendant's argument that *Martin* should have prospective effect only. Prospective application is preferred over full or limited retroactive application when overruling an established precedent or when deciding an issue of first impression whose resolution was not clearly foreshadowed. *People v Phillips,* 416 Mich 63, 68; 330 NW2d 366 (1982), citing *Chevron Oil Co v Huson,* 404 US 97, 106; 92 S Ct 349; 30 L Ed 2d 296 (1971). If retroactive effect is warranted, then full retroactive effect is preferred unless limited retroactivity is justified. *Tebo v Havlik,* 418 Mich 350, 360; 343 NW2d 181 (1984), reh den 419 Mich 1201 (1984). In addition, the following considerations are pertinent to the determination of whether a new rule of law should be given full retroactivity, limited retroactivity, or prospectivity only: (1) the purpose of the new rule; (2) the general reliance upon the old rule; and (3) the effect of full retroactive application of the new rule on the administration of justice. *Faigenbaum*

*v Oakland Medical Center,* 143 Mich App 303, 312-313; 373 NW2d 161 (1985); *Rozier v Dep't of Public Health,* 161 Mich App 591, 599; 411 NW2d 786 (1987).

The *Martin* holding does not constitute a new rule that should only be applied prospectively. *Martin* was not an overruling of clear precedent because the conflict in this Court did not establish a clear precedent. Nor was *Martin* an issue of first impression that was not clearly foreshadowed. We do not think there has to be clear precedent before a holding can be considered clearly foreshadowed. The conflict in this Court was sufficient to put persons on notice that our Supreme Court could resolve the issue either way and was sufficient to clearly foreshadow the *Martin* holding. Therefore, these factors do not weigh in favor of applying *Martin* prospectively only.

We also think that full retroactivity of *Martin* is not warranted. The purpose of the *Martin* rule is to settle the conflict in this Court and to invalidate the Department of Corrections' disciplinary directives that are not properly promulgated as rules. The application of the *Martin* holding is not necessarily meant to guard against the possibility that innocent persons will receive major misconduct violations. Rather, the *Martin* ruling merely requires that the directives governing misconduct violations be promulgated as rules. Therefore, there is no compelling reason to give *Martin* full retroactive effect.

We also believe that the reliance factor does not warrant full retroactivity. Neither *Kirkeby,* n 1, *supra,* nor *Martin* were of precedential value because our Supreme Court granted leave to appeal in both. *Phillips, supra,* p 74. Therefore, the Department of Corrections' past practice of issuing

misconduct violations based on disciplinary directives was not grounded on judicial precedent.

Moreover, full retroactive application of *Martin* would have a detrimental effect on the administration of justice. Full retroactive application of *Martin* would invalidate the misconduct violations of thousands of prisoners. The misconduct violations would affect the calculation of good time credits. Thus, those prisoners still in the system would benefit from early release while those prisoners who have left the system would have served terms longer than required.

We think that, considering all of the factors, the trial court adopted the best approach by giving *Martin* limited retroactive effect. Thus, *Martin* would apply only to cases pending at the time of its release in which the issue of whether a prisoner was a member of the public was raised. Since plaintiff's case in Docket No. 99447 was pending and he raised this issue, he was entitled to summary disposition in that case only.

The orders of the trial court that grant summary disposition to defendant in Docket No. 99139 and grant summary disposition to plaintiff in Docket No. 99447 are affirmed.