JAHNER v DEPARTMENT OF CORRECTIONS

Docket No. 138320. Submitted October 7, 1992, at Lansing. Decided November 18, 1992, at 9:15 A.M.

Monica A. Jahner, a state prison inmate; following a disciplinary hearing by the Department of Corrections, was found guilty of major misconduct for violating a department policy directive that forbade the possession of controlled substances by inmates. Shortly thereafter, the Supreme Court, in *Martin v Dep't of Corrections,* 424 Mich 538 (1986), decided that the policy directive was unenforceable because it had not been properly promulgated as a rule under the Administrative Procedures Act. Jahner petitioned for review in the Ingham Circuit Court. The court, Carolyn Stell, J., dismissed the petition as untimely. The Court of Appeals, DOCTOROFF, P.J., and MAHER and REILLY, JJ., reversed in an unpublished opinion per curiam decided May 16, 1989 (Docket No. 112031). On remand, the circuit court granted summary disposition for the department, ruling that the *Martin* decision applied prospectively. Jahner appealed.

The Court of Appeals *held:*

The decision in *Martin* has limited retroactive application in this case and other cases pending on March 28, 1986, the decision date of *Martin,* at the administrative, trial court, or appellate court levels where the issue of noncompliance with the Administrative Procedures Act was properly raised and preserved. In all other cases, *Martin* applies prospectively.

Reversed.

PRISONS AND PRISONERS — ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — DEPARTMENT OF CORRECTIONS — DISCIPLINARY RULES.

*Martin v Dep't of Corrections,* 424 Mich 538 (1986), which held that the Department of Corrections is subject to the rule-making requirements of the Administrative Procedures Act when promulgating policy directives that penalize inmates for major

REFERENCES

Am Jur 2d, Appeal and Error §§ 545, 728, 729, 747, 955, 956.

Comment Note—Retroactive or merely prospective operation of new rule adopted by court in overrruling precedent—federal cases. 14 L Ed2d 992.

misconduct violations, applies retroactively only with respect to cases pending on March 28, 1986, at the administrative, trial court, or appellate court levels where the issue of compliance with the act was properly raised and preserved (MCL 24.201 *et seq.*; MSA 3.560[101] *et seq.*).

Monica A. Jahner, in propria persona.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Linda M. Olivieri,* Assistant Attorney General, for the respondent.

Before: HOOD, P.J, and WAHLS and MCDONALD, JJ.

PER CURIAM. This is an appeal as of right from a circuit court's grant of summary disposition upholding an administrative decision by the Department of Corrections in which it refused to set aside a major misconduct ticket issued against petitioner for possession of marijuana. Petitioner, a prisoner proceeding in propria persona, argues that we should give limited retroactive effect to *Martin v Dep't of Corrections,* 424 Mich 553; 384 NW2d 392 (1986). In *Martin,* the Supreme Court held that the policy directive under which petitioner was penalized was issued in violation of the Administrative Procedures Act and was therefore invalid. We agree with petitioner and reverse the circuit court's grant of summary disposition.

This Court's opinion in *Martin*[1] was rendered about a week after petitioner was found guilty of the substance abuse charge. She immediately raised the application of the holding in *Martin* to her case with a petition for rehearing. While the petition was pending, the Supreme Court's decision affirming this Court's opinion was issued. Petitioner's request for rehearing was denied by the de-

[1] 140 Mich App 323; 364 NW2d 322 (1985).

partment, and she then filed a petition for judicial review in circuit court, which was dismissed as untimely. This Court reversed and remanded in an unpublished opinion per curiam.[2]

On remand, the circuit court granted summary disposition to respondent, pursuant to MCR 2.116(C)(10), holding that *Martin* should be applied prospectively only. Petitioner now appeals from that decision.

We note that there is a conflict between panels of this Court regarding whether *Martin* should be given full or limited retroactive application or whether it should be applied prospectively only. See *Tauber v Dep't of Corrections,* 432 Mich 906 (1989) (the Supreme Court declining to resolve the conflict after certification by this Court). Two panels have held that *Martin* should be given prospective application only. See *Tauber v Dep't of Corrections,* 172 Mich App 332; 431 NW2d 506 (1988), and *Guerrero v Dep't of Corrections,* 165 Mich App 192; 418 NW2d 685 (1987).[3] Two other panels, including the panel that heard *Martin* on appeal after remand, have given it limited retroactive effect. See *Martin v Dep't of Corrections,* 168 Mich App 647; 425 NW2d 205 (1988) (*Martin II*), and *Collins v Dep't of Corrections,* 167 Mich App 263; 421 NW2d 657 (1988). We conclude that the reasoning of the cases that hold that *Martin* should be given limited retroactive effect is correct.

"The general rule in Michigan is that appellate court decisions are to be given full retroactivity unless limited retroactivity is justified." *Fetz Engi-*

---

[2] *Jahner v Dep't of Corrections,* decided May 16, 1989 (Docket No. 112031).

[3] Judge HOOD notes that he was on the panel in *Guerrero,* which considered the question of full retroactivity of *Martin.* While he adheres to the position that full retroactivity is not called for, he concludes that the limited retroactivity set forth in this opinion is the proper standard.

*neering Co v Ecco Systems, Inc,* 188 Mich App 362, 371; 471 NW2d 85 (1991). In deciding whether to give retroactive application, "[t]here are three key factors" to be considered: "(1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice." *People v Hampton,* 384 Mich 669, 674; 187 NW2d 404 (1971). The fact that a decision may involve an issue of first impression does not in and of itself justify giving it prospective application where the decision does not announce a new rule of law or change existing law, but merely gives an interpretation that has not previously been the subject of an appellate court decision. *Fetz, supra* at 371-372.

On the other hand, our Supreme Court "has adopted a flexible approach" to retroactivity when dealing with "vested property rights, the magnitude of the impact of [a] decision on public bodies taken without warning or a showing of substantial reliance on the old rule." *Tebo v Havlik,* 418 Mich 350, 360; 343 NW2d 181 (1984). Were it not for this flexibility, courts "would be severely hampered in [their] ability to make needed changes in the law because of the chaos that could result in regard to prior enforcement under that law." *Id.* Thus, "limited retroactivity" is the favored approach "when overruling prior law." *Id.* Prospective application is warranted when overruling *settled* precedent or deciding cases of first impression whose result was not "clearly foreshadowed." *People v Phillips,* 416 Mich 63, 68; 330 NW2d 366 (1982).

We agree with the *Guerrero* panel that full retroactive application of *Martin* could result in chaos because of the overwhelming number of major misconducts that might need to be expunged. See *Guerrero, supra* at 196-197. On the other hand, we agree with the *Collins* and *Martin*

*II* panels that the Supreme Court's decision in *Martin* did not announce a new rule of law or a reversal of settled prior precedent, but rather was an application of settled administrative law to new facts. See *Martin II, supra* at 651; and *Collins, supra* at 267. Thus, neither full retroactive nor exclusively prospective application is warranted.

Applying the factors discussed in *Hampton* and in many other decisions, we note that the purpose of the *Martin* rule was to settle a conflict among panels of this Court and to invalidate a policy directive that was improperly promulgated. *Collins, supra* at 267. This purpose would not be frustrated by giving the decision only limited retroactive effect. *Martin II, supra* at 652; *Collins, supra* at 267.

Second, although there was reliance by respondent on its directive, there was no justifiable reliance on court precedent because the decisions were in conflict. *Martin II, supra* at 652; *Collins, supra* at 267-268. Thus, although we acknowledge that—applying the third factor—full retroactivity could create chaos, we note that there is no evidence that limited retroactivity would have the same disruptive effect. *Martin II, supra* at 652; *Collins, supra* at 268.

Thus, we agree with the *Martin II* and *Collins* panels that the Supreme Court's decision in *Martin* should be applied retroactively only to cases "which had not ripened into final adjudications" whether by "lapse or exhaustion of appellate rights." *Martin II, supra* at 653; *Collins, supra* at 268. That is, the issue may be addressed retroactively only in cases that were "pending" when the *Martin* decision was released—whether at the predispositional, rehearing, judicial review, or appellate levels—provided that the issue was properly

preserved. *Martin II, supra* at 653; *Collins, supra* at 268.

Regarding respondent's argument that petitioner's conduct was also prohibited by a duly promulgated rule, we note that the rule—1980 AACS, R 791.5513—in fact did not apply to petitioner because she was not eligible for good-time credits. Further, this was not the rule that respondent chose to proceed under at the administrative stage.

Reversed.